UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

STRIKE 3 HOLDINGS, LLC,

                          Plaintiff,

             -against-

JOHN DOE, *subscriber assigned IP address*
98.113.169.222,

                         Defendant.

20-CV-07929 (AT) (OTW)

**OPINION & ORDER**

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") moves for leave pursuant to Federal Rule of Civil Procedure 26(d)(1) to serve a subpoena on non-party Internet Service Provider Verizon Fios to ascertain the identity of Defendant John Doe. (ECF 6). In its Complaint, Plaintiff alleges that Defendant John Doe infringed upon Plaintiff's copyrights by downloading, copying, and distributing Plaintiff's films without Plaintiff's authorization. For the reasons below, Plaintiff's motion is **GRANTED**.

I. **Background**

Plaintiff runs subscription-based websites streaming adult films and also licenses those films to third-party distributors. (ECF 1 ("Compl."), ¶ 13). Plaintiff alleges that Defendant used BitTorrent, a file distribution network,[1] to copy and distribute Plaintiff's copyrighted work without authorization. (Compl. ¶¶ 17, 28, 43). Plaintiff alleges it discovered this theft using VXN

---

[1] Plaintiff explains that "BitTorrent is a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users." (Compl. ¶ 17).

Scan, the infringement detection system developed, owned, and operated by Plaintiff. (Compl. ¶ 27). Specifically, the VXN Scan allegedly established direct TCP/IP connections with Defendant's Internet Protocol ("IP") address while Defendant was using the BitTorrent network and downloaded one or more pieces of Plaintiff's works from Defendant. (Compl. ¶¶ 29-30, 37) ("The VXN Scan captured transactions from Defendant sharing specific pieces of 75 digital media files that have been determined to be identical (or substantially similar) to a copyrighted work(s) that Plaintiff owns.").

Defendant John Doe is associated with the IP address 98.113.169.222. (Compl. ¶¶ 5, 12; Ex. A). Because Plaintiff only has Defendant's IP address, Plaintiff now moves for leave to subpoena Defendant's Internet Service Provider, Verizon Fios, for the name and address of Defendant John Doe.

## II. Discussion

### a. Legal Standard

Generally, a party may not seek discovery prior to the parties' Rule 26(f) conference unless it obtains leave of the Court. Fed. R. Civ. P. 26(d)(1). The Court will permit such early discovery upon a showing of "reasonableness" and "good cause." *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007). In cases involving subpoenas seeking identifying information from Internet Service Providers, courts have applied this standard by looking at five factors: (1) whether plaintiff has a prima facie case for infringement, (2) the specificity of the request, (3) the absence of alternative means to obtain the information, (4) the need for the subpoenaed information, and (5) the defendant's expectations of privacy. *See Strike 3 Holdings, LLC v. Doe*,

No. 18-CV-12167 (AJN), 2019 WL 340712, at *2 (S.D.N.Y. Jan. 24, 2019) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

### b. Analysis

Plaintiff has made a *prima facie* showing of copyright infringement. "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Urbont v. Sony Music Entertainment*, 831 F.3d 80, 88 (2d Cir. 2016). In its Complaint, Plaintiff attaches a sheet listing the United States Copyright Office registration information for its works that it claims Defendant distributed without authorization. (Compl., Ex. A). Plaintiff then alleges that Defendant "copied and distributed the constituent elements of Plaintiff's Works." (Compl. ¶ 49; *see also* ECF 7-3 ("Stalzer Decl.") ¶¶ 10-11 (attesting that digital files distributed by Defendant were copies of Plaintiff's copyrighted films)).

Plaintiff's request is also sufficiently specific, requesting only the "true name and address" of the subscriber associated with IP address 98.113.169.222. (ECF 7 at 2). Courts in this District have repeatedly found that information necessary to identify and serve the defendant satisfies the specificity factor. *See, e.g., Strike 3 Holdings, LLC v. Doe,* No. 18-CV-5590 (AJN), 2018 WL 3756453, at *3 (S.D.N.Y. July 19, 2018); *Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950 (JPO), 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012).

Plaintiff asserts that absent Verizon Fios' cooperation, it would otherwise be unable to identify Defendant. (*See* ECF 7-2 ("Paige Decl.") ¶ 28; *see also Wiley*, 284 F.R.D. at 190 (noting BitTorrent only shows the user's IP address); *Digital Sin, Inc. v. Does 1-27*, No. 12-CV-3873

(JMF), 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012) (pointing out that Internet providers' protection of customers' privacy means they are the only source of subscribers' identifying information).

It follows that because obtaining information from Verizon Fios is necessary to identifying Defendant, obtaining information from Verizon Fios regarding the subscriber's IP address is necessary for continued prosecution of this action. *See Strike 3 Holdings*, 2018 WL 3756453, at *3 (noting inability to serve the defendant would effectively terminate the litigation); *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (finding Doe defendants' identities "critical").

Lastly, "ISP subscribers have a minimal expectation of privacy in the transmission or distribution of copyrighted material." *Wiley*, 284 F.R.D. at 191; *see also Malibu Media, LLC v. John Does 1-11*, No. 12-CV-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 6, 2013) (finding courts in this District agree on "minimal" privacy expectation for copyright infringers). Any concern about identifying the wrong individual and subsequent undue embarrassment can be alleviated with the Court's procedural safeguards described below. *See Digital Sin*, 2012 WL 2036035, at *4.

### III. Conclusion

Accordingly, Plaintiff's Motion for Leave to Serve a Third-Party Subpoena is hereby **GRANTED**. To protect the rights of Verizon Fios and Defendant John Doe, it is **ORDERED** that:

Plaintiff may immediately serve a Rule 45 subpoena on Verizon Fios to obtain the name and address of the subscriber associated with IP address 98.113.169.222. Plaintiff shall include a copy of this Order with the subpoena.

Verizon Fios shall have thirty (30) days from the date it is served the subpoena to serve the subscriber with a copy of the subpoena and a copy of this Order. Verizon Fios may use any reasonable means to provide such notice, including, but not limited to, written notice to the subscriber's last known address.

The subscriber shall have forty-five (45) days from the date they are served the subpoena to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously. Verizon Fios shall not turn over the subscriber's identifying information to Plaintiff before the expiration of this 45-day period. Verizon Fios may also move to contest the subpoena consistent with Federal Rule of Civil Procedure 45. If the subscriber or Verizon Fios files a motion to contest the subpoena, Verizon Fios may not turn over any information to Plaintiff pursuant to the subpoena until the Court has resolved all such motions and ordered Verizon Fios to disclose the information.

If the 45-day period lapses without the subscriber or Verizon Fios contesting the subpoena, Verizon Fios shall have ten (10) days to produce to Plaintiff all the information necessary to comply with the subpoena.

Verizon Fios shall preserve any subpoenaed information pending the resolution of any motion to contest the subpoena.

**SO ORDERED.**

Dated: March 26, 2021
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge